## COVINGTON v. GUSTINE.

APPEAL from the District Court of Concordia, *Curry*, J. The question presented by this case, was settled by the decision in *Morancy* v. *Ford*, *ante* p. 299. *Elam*, for the appellant. *Stacy* and *Sparrow*, for the defendant.

## BRIGGS et al. v. PHILLIPS.

A paper purporting to be the copy of the record of an act of sale *sous seing privé*, is inadmissible in evidence to prove title to real estate, where no proof of the verity of the act was exhibited to the recording officer at the time of recording it, and there is no sufficient proof of its being a copy of the original.

APPEAL from the District Court of Madison, *Curry*, J. *Stacy* and *Sparrow*, for the plaintiffs. *Pepper*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This case, as it stands before us, is a petitory action for a lot of land, described as lot 1, in section 31, township no. 16, range 12 east, containing 140 83–100 acres. The plaintiffs had judgment for 80 acres, judgment being against them for the rest of the lot. The defendant has appealed.

The plaintiffs offered in evidence a document purporting to be a record of a private act of sale from *Dunham* and wife, the original owners of the land, under whom both parties claim, to one *Nevils*. Its admission was objected to on the ground that said paper was a copy of a copy, and was not sufficiently proved. No proof of its verity was made or exhibited to the recording officer when it was recorded, nor is there sufficient evidence adduced to show that it was a copy of the original, which it purports to be. The evidence of *Barnes* on this subject is not sufficient to establish the contents of the original with proper precision, still less that the document exhibited is a copy. The alleged sale from *Dunham* and wife to *Nevils*, was never carried into effect by the delivery of possession, and it would be unsafe to adjudge titles to land on evidence of this character.

The judgment of the District Court, so far as the same decrees the plaintiffs to recover eighty acres as an undivided portion of the lot described in the petition, is reversed, and the case is remanded for further proceedings, with directions not to receive in evidence the document offered by the plaintiffs and excepted to by the defendant, on the testimony exhibited in proof of it. The judgment in favor of the defendant for the rest of the land is affirmed, the plaintiff paying the costs of this appeal.

## NEW ORLEANS CANAL AND BANKING COMPANY v. BRY et al.

Where a notary by whom a note was protested, states that he made diligent enquiry for the domicil and usual place of residence of the endorsor, but does not state that he made any attempt to ascertain at what post office notice of protest should be addressed, the proof is insufficient to show due diligence.